# UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**PHILIP J. BEHAN,**                                    Chapter 7
    Debtor                          Case No. 12-14921-JNF


~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**DEBORA CASEY,**
    Plaintiff
v.                                                      Adv. P. No. 13-1376
**SHERRY SCHNEIDER, AS TRUSTEE
OF THE DENIS R. BEHAN TRUST,
DEBORAH SULLIVAN, AS TRUSTEE OF
DENIS R. BEHAN TRUST, MICHAEL
BEHAN AS TRUSTEE OF THE DENIS
R. BEHAN TRUST, AND THE TOWN
OF ROCKLAND,**
    Defendants

**PHILIP J. BEHAN,**
    Intervenor-Defendant


~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

The matters before the Court are 1) the Motion, filed by the Intervenor-Defendant,

Philip J. Behan (the "Debtor") for Judgment on the Pleadings; 2) the Cross Motion by

Debora Casey, Chapter 7 Trustee, for Summary Judgment against the Intervenor-

Defendant; and 3) the Trustee's Motion for Summary Judgment against the Trustees of the

Denis R. Behan Trust (the "Trust") with respect to Counts I, II and IV of her Complaint.

1

The Court conducted a hearing on January 15, 2014 and took the motions under advisement. The matters before the Court are core proceedings under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

The Trustee filed a Statement of Material Facts in support of her Motions. Neither the Debtor nor the Defendants challenged her recitation of the material facts, and the Debtor in his Memorandum admitted that there were no facts in dispute. There being no material facts in dispute, the matter is ripe for summary judgment. *See* Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir.1994);[1] Fed. R. Civ. P. 56(a), Fed. R. Bankr. P. 7056. The Court now makes the following findings of fact and rulings of law in accordance with Fed. R. Bankr. P. 7052.

The issue before the Court is whether the unexercised power of appointment conferred upon the Debtor as a beneficiary of the Trust is property of the estate and renders the spendthrift provision set forth in the Trust invalid and unenforceable. For the reasons set forth below, the Court rules in that the power of appointment is property of the estate and the spendthrift provision is invalid and unenforceable.

## II. BACKGROUND

The Debtor filed a Chapter 7 petition on June 6, 2012, together with Schedules, a Statement of Financial Affairs and other required documents. On Schedule A-Real

---

[1] Fed. R. Civ. P. 56 was amended effective December 1, 2010. The summary judgment standard now appears in subsection (a) of Rule 56, rather than at subsection (c). The amended rule, however, does not change the standard for summary judgment. *See* Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 n.4 (1st Cir.2011).

Property, he disclosed that he owned no interests in real property.  On Schedule B-Personal

Property, the Debtor disclosed he held a beneficial interest in the Trust and was one of five

beneficiaries of the Trust.  He provided the following explanation:

> Denis R. Behan, debtor's deceased father, placed his principal residence in a
> trust for the benefit of his 5 children. The trustees are Debtor's brother and
> sister. Debtor has no control over the trust. The trust contains a spendthrift
> provision at paragraph 3.03.
>
> The property has 4 apartment units. Debtor lives in one of the apartments
> and pays $600.00 per month rent, which according to the trustees is $300.00
> per month below fair rental value. The only current benefit Debtor receives
> from the trust is the below market rent.

On Schedule C-Property Claimed as Exempt, the Debtor claimed the federal exemptions.

He did not claim any exemptions with respect to the Trust.

The Trustee has not filed a Report of No Distribution. The Court entered an order

of discharge on December 17, 2012.  On September 9, 2013, the Debtor filed a "Motion to

Order the Trustee to File Final Account."   On September 23, 2012, the Trustee commenced

the above-captioned adversary proceeding.

On November 13, 2013, after the Trustee filed her Complaint, the Debtor amended

Schedules B and C.  Six days later, he amended Schedules B and C again.  On his second

amended Schedule B, he stated the following:

> Beneficial interest in trust is not an asset of estate but power of appointment
> may be an asset of the estate. (Debtor is not giving up his right to dispute it)[.]
> Value stated is maximum value and actual value is probably less.

The Debtor ascribed a value to his interest of $29,764.  On his second amended Schedule C,

he switched from the federal to the state exemption scheme, claiming an exemption in the

beneficial interest pursuant to Mass. Gen Laws ch. 235, § 34(17) in the sum of $4,000 and

pursuant to Mass. Gen. Laws ch. 188, § 4 in the sum of $25,000.[2]  The Trustee objected to the

Debtor's claim of exemption on the ground that the amended exemptions prejudice the

bankruptcy estate and the Debtor's creditors.[3]  The Court heard the objection on January

22, 2014 and continued it generally pending a determination of the merits of the adversary

proceeding.

As noted above, on September 23, 2013, the Trustee commenced an adversary

proceeding against the Trustees of the Denis R. Behan Trust.  Her Complaint contained four

counts as follows:  Count I: Turnover of Property of the Estate, 11 U.S.C. § 542 (as against

the Trustees of the Trust); Count II: Complaint for Declaratory Judgment, 11 U.S.C. § 541

---

[2] Mass. Gen. Laws ch. 188, §  1 provides for an automatic homestead exemption
in the amount of $125,000 pursuant to section 4.  Section 4 provides:

> In the absence of a valid declaration of homestead recorded under this
> chapter, an estate of homestead to the extent of the automatic homestead
> exemption shall exist in a home for the benefit of the owner and the
> owner's family members who occupy or intend to occupy the home as a
> principal residence. The homestead rights of non-titled family members
> shall consist of the right to use, occupy and enjoy the home as a principal
> residence. The estate shall be held subject to this chapter, except for
> sections 2, subsection (a) of section 3 and section 5.

Mass. Gen. Laws ch. 188, § 4.  Section 34(17) of Mass. Gen. Laws ch. 235 provides for the
exemption from seizure on execution of "[t]he debtor's aggregate interest in any
personal property, not to exceed $1,000 in value, plus up to $5,000 of any unused dollar
amount of the aggregate exemptions provided under clauses Second, Fifth and
Sixteenth." Mass. Gen. Laws ch. 235, § 34(17).

[3] On October 25, 2013, the Trustee requested a bar date.  The Court granted that
Request and established a bar date of January 27, 2014.  At this time, four creditors have
filed proofs of claim totaling $8,846.30.

(as against the Trustees of the Trust); Count III: To Avoid a Post Petition Transfer Pursuant

to 11 U.S.C. §§ 549, 550 and 551 (as against the Town of Rockland); and Count IV: Violation

of the Automatic Stay, 11 U.S.C. § 362.  In her Complaint, the Trustee seeks the following

relief:

> (i) turnover of the Debtor's interest in the Trust (the "Trust Interest") or the
> value of the Debtor's interest in the Property, including all principal and
> accrued income attributable to the Debtor's share of the Trust or the Property
> pursuant to 11 U.S.C. § 542; (ii) a declaratory judgment that the Trust and the
> Debtor's interest in the Property are property of the estate pursuant to 11
> U.S.C. § 541; (iii) avoidance of an encumbrance placed upon the Trust Interest
> and/or the Property post-petition pursuant to 11 U.S.C. § 549; (iv) a
> determination that the Trustees have violated the automatic stay of 11 U.S.C.
> § 362  by taking actions to control property of the Estate and/or taking
> actions to create a lien against property of the Estate without an order of the
> Court; and (v) damages for the violations of the automatic stay.

Before the answer deadline, the Debtor filed a Motion to Intervene as a party

defendant.  The Trustee filed a Response to the Debtor's Motion to Intervene in which she

indicated that she had no objection to the relief requested by the Debtor.  The Court granted

the Debtor's Motion on October 11, 2013.  The Debtor filed an answer to the Complaint on

October 16, 2013.

The defendants, with the exception of the Town of Rockland,  failed to answer the

Trustee's Complaint, and, on November 6, 2013, the clerk entered defaults against them.

Accordingly, the Trustee is entitled to a judgment by default against the Trustee of the

Trust with respect to Count IV.[4]

---

[4] The Trustee argued that the Trustees violated the automatic stay when they
recorded, on October 22, 2012, a Certificate Not to Encumber with respect to the
Property in the Plymouth County Registry of Deeds. The Certificate provides, in

## III. FACTS

The Trustee filed a Statement of Material Facts in Support of her Cross Motion and

Motion for Summary Judgment.  As noted above, neither the Debtor nor the Trustee of the

Trust challenged her recitation of the facts.  Accordingly, the Court finds as follows:

> On August 23, 1994, Denis R. Behan (the "Father"), the father of the Debtor, conveyed the real property located at 192 Webster Street, Rockland, Massachusetts (the "Property") to the Denis R. Behan Trust (the "Trust") by a deed (the "Deed") recorded at the Plymouth County Registry of Deeds on August 29, 1994, at Book 1 31 1 0, Page 215.[5]

_____

relevant part:

> I, Sherry Schneider, Trustee of the Dennis R. Behan Trust of 192 Webster Street, Rockland, MA, 02370 . . . hereby agree not to further mortgage, sell or transfer beneficial interest or title to the property during the term of the Assistance Agreement with the Town of Rockland Housing Rehabilitation Program.
>
> I further agree during said term not to consent to any change in any terms of any existing obligation secured by any existing prior or later permitted mortgage(s) or liens on said property, nor shall any subsequent encumbrance, whether by a second mortgage or otherwise, be placed or be permitted to be placed on said property without the written consent of the Board of Selectmen of the Town of Rockland.
>
> This Certificate Not to Encumber shall remain in effect fifteen (15) years from the date of project completion . . . I further agree that should said property be mortgaged, sold or beneficial interest or title be transferred within fifteen years, I shall pay in full the amount of assistance provided as outlined on the attached Exhibit 1 of the Assistance Agreement with the Town of Rockland.

[5] The Father, a widower, resided at the Property at the time he executed the quitclaim deed.  He conveyed the Property to Sherry Schneider and Deborah Sullivan as Trustees of the Trust.

On May 25, 1994, the Father executed the Trust. The Trust was recorded at the Plymouth County Registry of Deeds on August 29, 1994 at Book 13110, Page 216. . . . .

The Property is the sole asset of the Trust.

The Father died on August 18, 1998.

The trustees of the Trust (the "Trustee-Defendants") are Sherry Schneider, Deborah Sullivan, and Michael Behan.[6]

The beneficiaries of the Trust are the Father's children, Sherry Schneider, Deborah Sullivan, Michael Behan, Denis Behan, and the Debtor (collectively, the "Beneficiaries.").

On the date of the Father's death, each of the Beneficiaries was alive. . . .

A summons and the Complaint has been served upon each of the Trustee-Defendants, who have failed or refused to answer the Complaint.

Subsequent to the Petition Date, on October 22, 2012, a Certificate Not to Encumber (the "Certificate") was recorded with respect to the Property in the Plymouth County Registry of Deeds. . . .

## IV. TRUST PROVISIONS

The original Trustees of the Trust were Sherry Schneider and Deborah Sullivan. The Trust provided in pertinent part the following:

1.04 UPON MY DEATH -DISTRIBUTION OF TRUST

Upon my death the Trustees shall divide the Trust into equal shares, one share for each child then living and one share for each child then deceased but represent by then living issue, and shall administer the shares as follows:

---

[6] Michael Behan was not an originally named Trustee. He accepted appointment as a Trustee on October 11, 2002.

A.  <u>In the case of a share allotted to such a child then living</u>, the Trustees shall pay the entire net income from the child's share at least quarter-annually to or for the benefit of such child for life.  The Trustees may make whatever payment or application of the principal of such share as they may determine to be appropriate for the health, education, support, or maintenance of such child.

In addition, the Trustees shall pay to or for the benefit of such child all or so much of the principal and accrued income of such share as such child may specifically demand in writing from the Trustees so long as such child is not incapacitated at time of demand.

However, if such child dies after the time of division into shares but before such child's share is fully distributed, the remainder shall be distributed to or for the person or persons (other than the creditors, the estate, or the creditors of the estate of such child) as such child may appoint in his Last Will and Testament, by specific reference therein to this power.

*** 

2.01 <u>DUTY TO INVEST</u>

The Trustees shall hold, manage, invest, and reinvest the property of the Trust or Trusts created hereunder solely in the interests of the beneficiaries hereof.

*** 

3.03 <u>SPENDTHRIFT</u>

The interest of any beneficiary in any share or part of this trust, both principal and income, shall not be alienable, assignable, attachable, transferable nor paid by way of anticipation, nor in compliance with any order, assignment or covenant and shall not be applied to, or held liable for, any of his or her debts or obligations either in law or equity and shall not in any event pass to his, her or their assignee or trustee under any instrument nor under any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or others.

*** 

3.07 <u>CONSTRUCTION</u>

8

A. Words and phrases shall have their general meaning unless otherwise clearly required by the context. Words in the masculine and feminine gender shall be deemed to relate to both males and females, and whenever appropriate, the neuter; and words in the singular or plural shall be deemed to include both the singular and plural whenever the context so requires.

***

3.09 <u>GOVERNING LAW</u>

The validity, construction and administration of this Trust shall be governed by the laws of the Commonwealth of Massachusetts, except with respect to any assets required by law to be governed by the laws of another jurisdiction.

## V. POSITIONS OF THE PARTIES

A. <u>The Trustee</u>

The Trustee, relying on section 1.04 of the Trust, argues that the spendthrift provision of the Trust is unenforceable under Massachusetts law because the Debtor has absolute dominion and control over his interest in the Trust. She asserts that, as of the Petition Date, the Debtor had the right to demand payment of all of the principal and interest to which he is entitled, and the Trustee Defendants had no discretion to refuse. The Trustee points out that at the time of the Father's death, each of the five beneficiaries of the Trustee had a right to demand all of the principal and interest to which he or she would be entitled.

With respect to the spendthrift provision, the Trustee maintains that 11 U.S.C. § 541(c)(2) creates an exception to 11 U.S.C. § 541(a), by providing that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable

nonbankruptcy law is enforceable in a case under this title."  Because section 541(c)(2) is an

exception to section 541(a), the Trustee asserts that it is the Debtor's burden to establish that

the spendthrift provision is enforceable under Massachusetts law.  She contends that the

Debtor cannot meet that burden because his control over his interest in the Trust invalidates

the spendthrift provision. Citing, *inter alia,* <u>Yellin v. Gilroy (In re Gilroy)</u>, 235 B.R. 512, 516

(Bankr. D. Mass. 1999) ("federal courts applying Illinois law have consistently held that 'to

qualify as a spendthrift trust, the beneficiary thereof must show that he or she cannot

alienate his or her interest therein and that he or she does not possess exclusive and

effective control over distribution or termination of the trust'"), she asserts that a

beneficiary must establish that he cannot alienate his interest and that he does not possess

exclusive and effective control over distributions or termination of the trust.  The Trustee

further argues:

> A beneficiary has "absolute" control over a trust when such beneficiary may
> either force termination of the trust or compel distributions. <u>Miller v. Kresser</u>,
> 34 So.3d 172, 175 (D. C. App. 4th 2010 ). The <u>Miller</u> Court notes that if a trust
> allows for a beneficiary to demand a distribution of only a portion of the trust
> property, courts have allowed a creditor to attach that portion over which the
> beneficiary has express control. <u>Id</u>, citing <u>Putney v. May (In re May)</u>, 83 B.R,
> 821, 814-15 (Bankr. M.D. Fla. 1994); <u>In re Monahan</u>, 68 B.R. 997, 1000 (Bankr.
> S.D. Fla. 1987). "Where a spendthrift provision is invalid, because of a
> debtor's entitlement to have the principal conveyed to him upon demand, a
> "bankruptcy estate is entitled to take a debtor's interest in that portion of a
> trust, spendthrift or otherwise, that the Debtor has an absolute right to
> receive." <u>In re Dorsey</u>, 497 B.R. 374, 386 (Bankr. N.D. Ga. 2013), citing, <u>Lunkes</u>
> <u>v. Gecker</u>, 427 B.R 425, 431 (N.D. I11. 2010).

The Trustee also argues that it is against public policy to allow a beneficiary to shield

his assets from creditors when he has control over those assets, relying on, *inter alia,* <u>In re</u>

Dorsey, 497 B.R. 374, 387 (Bankr. D. Ga. 2013). The Trustee also relies upon the Restatement

of Trusts (Third)   § 58, comment (b)(1), reproduced below, which provides that trust

property subject to an exercisable power of appointment is property of the beneficiary.

B. The Debtor

The Debtor argues that the Trust property is not property of the bankruptcy estate

under 11 U.S.C. § 541(c)(2) because the spendthrift provision is enforceable.  He maintains

that although the Trust contains a provision - - a power of appointment  - - permitting him

as a beneficiary to demand payment of his beneficial interest, the power of appointment

does not override the spendthrift provision and that case law supports his position.

Specifically, the Debtor relies upon, *inter alia,* the decision of the bankruptcy court in In re

CRS Steam, Inc., 217 B.R. 365 (Bankr. D. Mass. 1998), and the decision in Bongaards v.

Millen, 440 Mass. 10 (2003). The Debtor posits:

> Had the Plaintiff claimed the power of appointment as an asset of the
> bankruptcy estate, the Debtor would have defended on the basis that the
> asset is exempt. The Debtor has claimed an exemption in his beneficial
> interest pursuant to Massachusetts General Laws Chapter 188 §4 and Chapter
> 235 §34(17), in the amount of $29,754.00. The Debtor has asserted that the
> total value of any power of appointment is less than the amount of the
> exemption.
>
> Should the bankruptcy trustee file a new complaint asserting an interest
> solely in the power of appointment, she would have to be cognizant of the
> fact that the asset to be valued is the power of appointment, not one-fifth of
> the equity in the real estate that forms the corpus of the Trust. A power of
> appointment will be difficult to value and is clearly worth much less than the
> value of the equity in the real estate.

**VI. DISCUSSION**

Section 541(a) of the Bankruptcy Code provides that property of the estate includes

"all legal or equitable interests of the debtor in property as of the commencement of the

case." 111 U.S.C. § 541(a).  Subsection 541(c) provides:

> (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law--
>
>> (A) that restricts or conditions transfer of such interest by the debtor; or
>> (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.
>
> (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c).  In Massachusetts, if a spendthrift trust is validly created, then, in most

instances, the beneficiary's creditors will have no greater claims to the trust property than

the beneficiary.  *See* In re CRS Steam, Inc., 217 B.R. 365, 371 (Bankr. D. Mass. 1998); Town

of Randolph v. Roberts, 346 Mass. 578 (1964).

In the instant case, the Debtor holds a one-fifth beneficial interest in the Trust *res* and

a power of appointment.  Without the power of appointment, section 541(c)(2) would

preclude the Trustee from reaching the Debtor's interest in the property held in Trust due

to the spendthrift clause.  As noted above, resolution of the pending motions turns on the

effect the power of appointment has with respect to the Trust *res* in light of the spendthrift

clause.  The two provisions appear to be mutually exclusive, although neither is

12

ambiguous.  Nevertheless, as the court noted in <u>Hillman v. Hillman</u>, 433 Mass. 590 (2001), when interpreting trust language, words should not be read in isolation and out of context; rather every effort should be made to ascertain "the settlor's intent from the trust instrument as a whole and from the circumstances known to the settlor at the time the instrument was executed." <u>Id.</u> at 593.

According to the Restatement (Third) of Trusts, § 56, cmt. b (2003),

> The rights of creditors with respect to trust property over which the debtor has a power of appointment depend on the nature of the power. For example, the creditors of the donee of a nongeneral power of appointment (one that cannot be exercised for the economic benefit of the power holder), whether or not presently exercisable, cannot reach the property subject to the power for the satisfaction of their claims; nor is the property subject to the expenses of administering the donee's estate.

<u>Id.</u>  In addition, Comment b further provides:

> Trust property subject to a presently exercisable general power of appointment (a power by which the property may be appointed to the donee, including one in the form of a power of withdrawal), because of the power's equivalence to ownership, is treated as property of the donee of the power. It can therefore be subjected to the satisfaction of the claims of the donee's creditors. (This is and long has been the law under the federal Bankruptcy Act.) Conversely, the interests of the other trust beneficiaries in that property cannot be reached by their creditors. Thus, the treatment of the assets subject to a presently exercisable general power is like the treatment of revocable trust assets under § 25(2). (That it is immaterial that the terms of a trust creating such a power include a spendthrift restraint, see § 58, Comment b.).

<u>Id.</u> Similarly, Comment b to § 58 provides:

> An intended spendthrift restraint is also invalid with respect to a nonsettlor's interests in trust property over which the beneficiary has the equivalent of ownership, entitling the beneficiary to demand immediate distribution of the property. Thus, if an income beneficiary also holds a presently exercisable general power of appointment (that is, a power currently to compel distribution of trust property to the power holder), a spendthrift restraint will

13

not prevent the beneficiary's creditors or transferees from reaching the property that is subject to the power. (A general power exercisable only at death does not give a nonsettlor sole life beneficiary the equivalent of ownership for this purpose.

Restatement (Third) of Trusts § 58, cmt. b (2003).

In addition to the foregoing provisions, Restatement (Second) of Property §13.6(2) (1986) provides in pertinent part that "Section 541(b)(1) of the Bankruptcy Code of 1978 (11 U.S.C. § 541) provides that '[p]roperty of the estate does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor.'"  The Comment to § 13.6(2) provides:

> c. Types of powers to which the Bankruptcy Act [sic] applies. The portion of the Bankruptcy Act quoted in subsection (2) clearly excludes from the bankruptcy estate all non-general powers of the bankrupt. *The bankruptcy estate does include general powers of the bankrupt that are presently exercisable because they inherently are exercisable for the benefit of the bankrupt.* A general power not presently exercisable, such as a general power to appoint by will, is excluded from the bankruptcy estate under the quoted language because it is exercisable "solely for the benefit of an entity other than the debtor."
>
> The effect of the inclusion in the bankruptcy estate of a power of the debtor gives the trustee in bankruptcy the ability to exercise the power for the benefit of the creditors of the bankrupt. It is immaterial that the instrument creating the general power presently exercisable provides that "no interest of any beneficiary, whether in principal or income shall be assignable or subject to the claims of creditors."

Id. cmt. c (emphasis supplied).

The Court finds the principles set forth in the Restatements  are dispositive of the issue before the Court and are consistent with Massachusetts law. *See, e.g.*, State St. Bank and Trust Co. v. Reiser, 7 Mass. App. Ct. 633, 637 (1979) (noting "theory that as to property which a person could appoint to himself or his executors, the property could have been

devoted to the payment of debts and, therefore, creditors have an equitable right to reach

that property"). Moreover, the Court finds that the cases cited by the Debtor are not

persuasive for resolution of the issue before the Court. The Court respectfully disagrees

with the decision in <u>CRS Steam</u> and finds that the decision in <u>Bongaards v. Millen</u> is

distinguishable.

   In <u>CRS Steam</u>, the court observed:

> . . . the Debtor has significant control over the SEP. He can at any time require
> the custodian to distribute its entire balance to him. This is much like the
> power to revoke which in <u>Reiser</u> made the trust property subject to the
> settlor's debts even after his death. A power such as the Debtor holds is a
> general power of appointment. Restatement (Second) of Property § 11.4
> (1986). It causes the subject property to be included in the holder's estate for
> federal estate tax purposes. 26 U.S.C. § 2041 (1994).
>
> Does the Debtor's general power of appointment make the SEP's assets
> available to his creditors under Massachusetts law notwithstanding the
> spendthrift clause? If a party may appoint property to himself or others, and
> he exercises the power in favor of others, the property so appointed becomes
> available to his creditors notwithstanding his contrary direction through the
> power's exercise or the presence of a spendthrift clause covering his own
> beneficial interest in the underlying trust. <u>State Street Trust Co. v. Kissel</u>, 302
> Mass. 328, 333, 19 N.E.2d 25, 28 (1939); <u>Shattuck v. Burrage</u>, 229 Mass. 448,
> 118 N.E. 889 (1918); Restatement (Second) of Property § 13.4 (1986) (exercise
> of general power by will subjects property to holder's creditors); Restatement
> (Second) of Property § 13.5 (1986) (exercise of general power by deed subjects
> property to holder's creditors if exercise constitutes fraudulent transfer).

217 B.R. at 372. The court concluded that "if the SEP is a trust the Supreme Judicial Court

of Massachusetts would not permit the Debtor's creditors to reach its property or compel

the Debtor to exercise his general power of appointment in their favor." <u>Id.</u> The court relied

upon its determination that the debtor's power of appointment remained unexercised; that

the debtor did not create the power of appointment, and that the Restatement (Second) of

Property § 13.6(1) (1986), in the court's words, takes the position that "creditors of the holder of an unexercised general power created by another cannot acquire the power or compel its exercise, except as provided by statute." Id.[7]

This Court concludes that the court's citations to the Restatement (Second) of Property §§ 13.4 and 13.6(1), without reference to § 13.6(2), in CRS Steam, does not convincingly support the court's conclusion in that case or the Debtor's position in this case. Section 13.4 of the Restatement of Property (Second), provides: "Appointive assets covered by an *exercised* general power to appoint by will, created by a person other than the donee, can be subjected to the payment of claims against the donee's estate" (emphasis supplied). The Comment to § 13.6(2), however, unequivocally indicates that a bankruptcy trustee may exercise the power of appointment for the benefit of the estate's creditors. Indeed, a decision from the United States Court of Appeals for the Fifth Circuit unequivocally supports the Trustee's position. *See* Roberts v. McConnell (In re Hoff), 644 F.3d 244 (5th Cir. 2011).

In In re Hoff, the settlor created an inter vivos, spendthrift trust for the sole benefit of her grandson, the debtor, who was 22 years old at the time. The settlor funded the trust with $100 and designated her daughter, the debtor's mother, to serve as the sole trustee. As an exception to the trust's spendthrift provisions, the trust agreement provided that,

---

[7] The Restatement (Second) of Property § 13.6(1) provides: "(1) Creditors of a donee of a power of appointment cannot acquire the power or compel its exercise except as provided by statute."

following the death of the settlor, the debtor could make withdrawals of principal in

specified fractions of the value of the trust's assets, when he attained specified ages.  The

Fifth Circuit considered various disputes relating to the death of the settlor and the debtor's

decision not to exercise his power to withdraw funds at the age of 35 and held that the

bankruptcy trustee was entitled to withdraw, for the benefit of the debtor's  bankruptcy

estate, trust principal with a current value equal to the value of one-half of the principal

that remained in trust on the debtor's 35th birthday.  644 F.3d at 253.  *See also* <u>In re Dorsey</u>,

497 B.R. 374 (Bankr. N.D. Ga. 2013).

Finally, the Court concludes that the facts and applicable law set forth in the decision

in <u>Bongaards v. Millen</u> are readily distinguishable from those present in the instant case.

In <u>Bongaards</u>, the life beneficiary's control over trust property was at issue with respect to

the elective share provision under Mass. Gen. Laws ch. 191, § 15, the statute permitting a

surviving spouse to waive will provisions and elect instead to receive a statutory portion

of the estate of the deceased spouse.  440 Mass. at 11.  The defendant spouse was the

original beneficiary  of the trust and became trustee upon the death of the settlor.  She was

deceased at the time the plaintiff asserted his elective share.  The court determined that she

did not hold a general power of appointment, stating that the defendant's power of

appointment under the trust was restricted to naming certain beneficiaries, adding that "the

power was thus in the nature of a limited or restricted power of appointment, not a general

power." 440 Mass. at 18 n.5.  The court added, however, that another provision of the trust

effectively authorized the defendant to terminate the trust and distribute its corpus to

17

herself at any time, a provision which gave her unfettered control over the trust property.

Id. Nevertheless, the court held that the trust property was not subject to plaintiff's the

elective share because the defendant was not the settlor, relying upon Sullivan v. Burkin,

390 Mass. 864 (1984). Bongaards, at 18-19.

The court also considered the ramifications of divorce where one spouse may have

considerable power over, or access to, trust assets which is an important consideration in

any equitable division of the marital estate, regardless of the source of those trust assets,

and death. In the latter circumstance, the court recognized that there was no prospect of

the deceased spouse exercising any powers after death, concluding that "[t]he power over

a trust formerly held by a now-deceased spouse is not the equivalent of a power over trust

assets held by a divorcing spouse who is still very much alive and remains empowered to

use and dispose of the trust assets." Id. at 27.

In the instant case, the general power is clear and unequivocal. The Debtor can

demand his share of the Trust in writing at any time because the settlor, the Father, is

deceased.

## VII. CONCLUSION

In the present case, the Trust document unequivocally confers on the beneficiaries

the right to demand their share of the principal and accrued income provided that "such

child . . . specifically demand in writing from the Trustees . . . [their share] . . . [and] . . .

so long as such child is not incapacitated at the time of demand." The power of

appointment, although not exercised, defeats the spendthrift provision set forth in the

18

Trust.   As a property interest, the Trustee is authorized to exercise the power of appointment for the benefit of the Debtor's bankruptcy estate, subject to this Court's determination of the Trustee's Objection to the Debtor's amended claim of exemption in the power of appointment.   Accordingly, the Court denies the Debtor's Motion for Judgment on the Pleadings and grants the Trustee's Motion for Summary Judgment against the Defendant-Intervenor. The Court also grants the Trustee's Motion for Summary Judgment on Count II of her Complaint.   The relief requested in Count I is moot as the Trustee can exercise the Debtor's power of appointment, subject to a determination of his claimed exemption.   Upon submission of a proposed default judgment, the Court shall enter judgment by default against the Trustee defendants with respect to Count IV.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated February 25, 2014